## PEOPLE v. DINSER.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

1. HOMICIDE—MURDER—INTENT.
    Evidence of an intent to kill is necessary to a conviction for murder.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 14.]

2. SAME—EVIDENCE—PRESUMPTION.
    The beating of a child with the hand, resulting in its death, does not raise a presumption of an intent to kill; the rule that a person is presumed to intend the natural consequences of his own acts applying only where an assault resulting in death is committed with a murderous weapon, or is otherwise of such a nature that its probable and natural result would be to produce death.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, §§ 262–264.]

Appeal from Court of General Sessions, New York County.

Gustav Dinser was convicted of murder in the second degree, and appeals. Reversed, and new trial granted.

See 98 N. Y. Supp. 314.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Henry Hardwicke, for appellant.
Robert C. Taylor, for the People.

SCOTT, J. The defendant has been convicted for murder in the second degree, for having caused the death of Gertie Renaude, an infant about two years of age. The defendant was a widower with three children, and was living with, although not married to, Agnes Renaude, the mother of the deceased, who was an illegitimate child of said Agnes by another man. The evidence tends to show that the defendant was brutal in his treatment of his paramour and her child, and especially so to the latter, whom he frequently beat. On the night of the killing he was partly intoxicated and unusually brutal, both to the mother and the child. The child died from intercranial hemorrhage, such as would result from a violent blow. There is little doubt upon the evidence that the defendant brutally beat the child, and that it died as a consequence of this treatment, and a conviction of manslaughter at least in the second degree would have found ample

support. The conviction being for murder, it is necessary, in order to sustain it, to find evidence of an intent to kill, and after a careful reading of the whole case we are constrained to hold that the case is so barren of evidence of such an intent that the verdict is unsustained in that regard.

The court below charged that the law presumes a person to intend the natural and probable consequences of his own acts, and it is argued that this presumption alone was sufficient to justify the jury in finding that the defendant intended to kill the child. This rule of presumption has often been invoked to furnish evidence of the design or intent to produce death which is an essential element of the crime of murder. It has been so applied, however, and by its own terms can only be applied, where the assault which resulted in death has been committed with a murderous weapon, or has otherwise been of such a nature that its probable and natural result would be to produce death. It cannot be said that the natural and probable result of striking, even a young child, with the hand, is to produce the death of the child, although, as shown in the present case, such an act may result fatally. Consequently the defendant's act in striking the child, although brutal and detestable, cannot be said to be such a one as raises a presumption of a design or intent to kill. Of such design or intent there is no other evidence in the case, and, indeed, the evidence taken as a whole tends to negative the suggestion that the defendant was actuated by a murderous design.

The judgment of conviction must be reversed, and a new trial granted. All concur.